1
2
3
4
5
6
7
8
9
10          UNITED STATES DISTRICT COURT
11              EASTERN DISTRICT OF CALIFORNIA
12

| | |
|---|---|
| TAI TRUONG, | 1:10-cv-02158 OWW MJS HC |
|     Petitioner, | FINDINGS AND RECOMMENDATION TO DENY RESPONDENT'S MOTION TO DISMISS |
| v. | |
| JAMES HARTLEY, Warden, | FINDINGS AND RECOMMENDATION TO SUMMARILY DISMISS PETITION |
|     Respondent. | (Docs. 1, 18) |

18

19      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus

20  pursuant to 28 U.S.C. § 2254. Respondent is represented in this action by Janine W. Boomer,

21  Esq., of the Office of the Attorney General for the State of California.

22  **I.      BACKGROUND**

23      Petitioner is currently in the custody of the California Department of Corrections

24  pursuant to a May 20, 1996, judgment of the Superior Court of California, County of San Diego

25  convicting him of oral copulation with force while armed with a firearm with additional

26  enhancements. (Pet. at 1-2, ECF No. 1.) Petitioner was sentenced to serve a indeterminate

27  term of seventeen (17) years to life in state prison. (Id.) On November 26, 2008, the Board of

28  Parole Hearings ("Board") found Petitioner unsuitable for parole. (Id. at Ex. A.)

Starting in March 2009, Petitioner filed three collateral challenges with respect to the Board decision finding him unsuitable for parole in the state courts, all petitions for writ of habeas corpus, as follows:

1. San Diego County Superior Court
   Filed: March 27, 2009[1];
   Denied: May 19, 2009;

2. California Court of Appeals, Fourth Appellate District
   Filed: December 21, 2009[2];
   Denied: January 25, 2010;

3. California Supreme Court
   Filed: February 3, 2010[3];
   Denied: March 18, 2010;

(See Mot. to Dismiss, Exs. 1-6, ECF Nos. 18-1 to 18-14.)

On August 8, 2010[4], Petitioner filed the instant federal petition for writ of habeas corpus in this Court. On November 9, 2010, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d). On November 18, 2010, the matter was transferred from the Southern District of California to the Eastern District of California. Respondent again filed the motion to dismiss on December 3, 2010. On December 23, 2010, Petitioner filed an opposition to Respondent's motion to dismiss.

///

///

---

[1] In Houston v. Lack, the Court held that a pro se habeas petitioner's notice of appeal is deemed filed on the date of its submission to prison authorities for mailing, as opposed to the date of its receipt by the court clerk. 487 U.S. 266, 276, 108 S.Ct. 2379, 2385 (1988). The Ninth Circuit has applied the rule to assess the timeliness of federal habeas filings under the AEDPA limitations period. Huizar v. Carey, 273 F.3d 1220, 1222, (9th Cir. 2001), citing Houston, 487 U.S. 266, 276, 108 S.Ct. at 2385. Under the mailbox rule, the Court deems petitions filed on the date Petitioner presumably handed his petition to prison authorities for mailing. See also Rule 3(d) of the Rules Governing Section 2254 Cases. Although the petition was filed on April 7, 2009, pursuant to the mailbox rule the Court considers the petition filed on March 27, 2009, the date Petitioner signed the proof of service attached to the petition.

[2] Although the petition was filed on December 30, 2010, under the mailbox rule the Court will consider the petition filed on December 21, 2009, the date Petitioner signed the proof of service attached to the petition.

[3] Although the petition was filed on February 8, 2010, under the mailbox rule the Court will consider the petition filed on February 3, 2010, the date Petitioner signed the proof of service attached to the petition.

[4] Although the petition was filed on August 12, 2010, under the mailbox rule the Court will consider the petition filed on August 8, 2010, the date Petitioner signed the proof of service attached to the petition.

1    II.    **DISCUSSION**

2          **A.     Procedural Grounds for Motion to Dismiss**

3          Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a

4    petition if it "plainly appears from the petition and any attached exhibits that the petitioner is

5    not entitled to relief in the district court . . . ." Rule 4 of the Rules Governing Section 2254

6    Cases.

7          The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an

8    answer if the motion attacks the pleadings for failing to exhaust state remedies or being in

9    violation of the state's procedural rules. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th

10   Cir. 1990) (using Rule 4 to evaluate motion to dismiss petition for failure to exhaust state

11   remedies); White v. Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural

12   grounds to review motion to dismiss for state procedural default); Hillery v. Pulley, 533 F.Supp.

13   1189, 1194 & n. 12 (E.D. Cal. 1982) (same).  Thus, a respondent can file a motion to dismiss

14   after the court orders a response, and the Court should use Rule 4 standards to review the

15   motion.  See Hillery, 533 F. Supp. at 1194 & n. 12.

16         In this case, Respondent's motion to dismiss is based on a violation of the one-year

17   limitations period. 28 U.S.C. § 2244(d)(1).  Because Respondent's motion to dismiss is similar

18   in procedural standing to a motion to dismiss for failure to exhaust state remedies or for state

19   procedural default and Respondent has not yet filed a formal answer, the Court will review

20   Respondent's motion to dismiss pursuant to its authority under Rule 4.

21         **B.     Commencement of Limitations Period Under 28 U.S.C. § 2244(d)(1)(A)**

22         On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act

23   of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for

24   writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117

25   S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997).

26         In this case, the petition was filed on August 8, 2010, and therefore, it is subject to the

27   provisions of the AEDPA.  The AEDPA imposes a one-year period of limitation on petitioners

28   seeking to file a federal petition for writ of  habeas corpus.  28 U.S.C. § 2244(d)(1).  As

amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the Petitioner's direct review became final. In a situation such as this where the Petitioner is challenging a parole board decision, the Ninth Circuit has held that direct review is concluded and the statute of limitations commences when the final administrative appeal is denied. See Redd v. McGrath, 343 F.3d 1077, 1079 (9th Cir. 2003) (holding that § 2244(d)(1)(D) applies in the context of parole decisions and that the Board's denial of an inmate's administrative appeal is the "factual predicate" of the inmate's claim that triggers the commencement of the limitations period).

Respondent submits that the limitations period began to run on November 26, 2008, the date of the hearing at which the Board found Petitioner unsuitable for parole, and that Petitioner had one-year thereafter to file a timely federal petition. Respondent's argument is flawed.

With respect to the discovery of the factual predicate of a claim alleging an unconstitutional denial of parole, the Ninth Circuit Court of Appeals has not decided whether

1   the triggering event is the initial decision denying parole or the point at which the decision

2   becomes final. In Redd, the Ninth Circuit held that the factual predicate occurred on the date

3   the administrative decision to deny parole became final. 343 F.3d at 1083-1084. This occurred

4   after an administrative appeal taken by the petitioner was denied. Id.

5       At the time the Redd decision was rendered, September 11, 2003, California prisoners

6   could contest the Board's adverse parole decision by filing an administrative appeal from the

7   final decision of the Board. See Cal. Code Regs. tit. 15, § 2050 et seq. (2003). However, on

8   May 1, 2004, the administrative appeal process was repealed and abolished. See Cal. Code

9   Regs. tit. 15, § 2050 et seq. (2004).

10      Now, a parole consideration hearing decision, such as the November 26, 2008 decision

11  in this instance, is considered a proposed decision until it passes through a decision review

12  process.  Cal. Pen. Code § 3041(a), (b); Cal. Code Regs., tit. 15, § 2041(h). All proposed

13  decisions become final within 120 days unless the Board finds an error of law, the decision

14  was based on an error of fact, or if new information when corrected or considered by the

15  Board has a substantial likelihood of resulting in a substantially different decision on rehearing.

16  Id.; Cal. Penal Code § 3041(b) ("any decision of the parole panel finding an inmate suitable

17  for parole shall become final within 120 days of the date of the hearing. During that period, the

18  board may review the panel's decision.").

19      Generally, it is not knowledge of some facts pertinent to a claim that constitutes

20  discovery of a factual predicate within the meaning of § 2244(d)(1)(D); rather, it is knowledge

21  of facts constituting reasonable grounds for asserting all elements of a claim in good faith.

22  Hasan v. Galaza, 254 F.3d 1150, 1154-55 (9th Cir. 2001). The time begins to run when the

23  petitioner knows, or through diligence could discover, the important facts, and not when the

24  petitioner recognizes their legal significance; it is not necessary for a petitioner to understand

25  the legal significance of the facts themselves before the obligation to exercise due diligence

26  commences and the statutory period starts running. Id. at 1154 n. 3.

27      Here, the parole decision itself stated that it would not be final for 120 days. At all

28  pertinent times, the state statute that provides for the parole suitability hearing and decision

1  has also expressly provided for review of the decision before finality. Cal. Pen. Code §
2  3041(a), (b). The state statute has also stated that any decision granting parole becomes final
3  within 120 days of the date of the hearing. Cal. Pen. Code § 3041(b). The pertinent regulations
4  have provided that parole decisions of the board after a hearing "are proposed decisions and
5  shall be reviewed prior to their effective date in accordance with" specified procedures. Cal.
6  Code Regs. tit. 15, § 2041(a) (2010). It is expressly provided that "[a]ny proposed decision
7  granting, modifying, or denying a parole date for a life prisoner… shall become final no later
8  than 120 days after the hearing at which the proposed decision was made." Cal. Code Regs.
9  tit. 15, § 2043 (2010); see Cal. Code Regs. tit. 15, § 2041(h). Under these circumstances, the
10 initial, proposed decision cannot logically constitute all the facts constituting reasonable
11 grounds for asserting a claim challenging a parole decision, as the parole decision has yet to
12 be made.

13     Considering the date upon which the parole decision becomes final as the triggering
14 event is consistent with other cases in the circuit applying § 2244(d)(1)(D) to administrative
15 decisions. A large majority of district courts in California  have held that the factual predicate
16 occurs when the Board's parole decision becomes final 120 days after the hearing. See e.g.,
17 Fisher v. Hartley, No. 1:09-cv-01990 OWW MJS HC, 2010 U.S. Dist. LEXIS 92670 (E.D. Cal.
18 September 7, 2010).

19     In summary, the Court concludes that the date on which the factual predicate of a
20 decision on Petitioner's parole could have been discovered through the exercise of reasonable
21 diligence was upon the decision's finality, occurring one hundred twenty (120) days after the
22 decision was rendered on November 26, 2008. Here, the Board's adverse decision rendered
23 on November 26, 2008, was merely a proposed decision that did not become final until 120
24 days thereafter, on March 26, 2009. (See Mot. To Dismiss, Ex. 1, ECF No. 8-2 at 93.) The
25 statute of limitations began to run the next day, March 27, 2009, and Petitioner had one-year
26 thereafter to file a timely petition. 28 U.S.C. § 2244(d)(1)(D); Shelby v. Bartlett, 391 F.3d 1061,
27 1066 (9th Cir. 2004).

28     Petitioner would have one year from March 27, 2009, absent applicable tolling, in which

to file his federal petition for writ of habeas corpus.  However, Petitioner delayed in filing the instant petition until August 8, 2010, over four months after the statute of limitations period expired.  Absent the later commencement of the statute of limitations or any applicable tolling, the instant petition is barred by the statute of limitations.

### C. Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period. 28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 216 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

As stated above, the statute of limitations period began on March 27, 2009. Petitioner filed his first state habeas petition on the first day of the limitation period, March 27, 2009, in the San Diego County Superior Court. At that point, the entire 365 days of the limitations period remained. As the superior court petition was properly filed, the statute of limitations was tolled for the time the petition was pending. The petition was denied on May 19, 2009. Petitioner next filed a state habeas petition in the California Court of Appeal, Fourth Appellate District on December 21, 2009.

Petitioner filed the appellate court petition 216 days after the superior court petition was denied. In California, a Petitioner is entitled to tolling during the interval between filings if the habeas petitions are filed within a reasonable time. Carey v. Saffold, 536 U.S. at 222-23.

1    However, the California Supreme Court has not explained the meaning of "reasonable time"

2    in this context. See Chaffer v. Prosper, 592 F.3d 1046, 1048 n.1 (9th Cir. 2010). The United

3    States Supreme Court has now held that federal courts must "examine the delay in each case

4    and determine what the state courts would have held in respect to timeliness." Evans v.

5    Chavis, 546 U.S. at 198. Thus, if the state court does not explicitly deny a post-conviction

6    application as untimely the federal court must independently determine whether there was

7    unreasonable delay between state court applications that would render the federal application

8    for habeas relief untimely. Carey v. Saffold, 536 U.S. at 226-27.

9         Several courts have found petitions filed more than several months after the denial of

10   a lower court petition as untimely. A delay of six months has been found to be unreasonable

11   because it is longer than the relatively short periods of thirty (30) or sixty (60) days provided

12   by most states for filing appeals. Evans v. Chavis, 546 U.S. at 201. Delays of one hundred

13   fifteen (115) and one hundred one (101) days between denial of one petition and the filing of

14   a subsequent petition have been held to be excessive, Chaffer v. Prosper, 592 F.3d. at 1048.

15   Unexplained, unjustified periods of ninety-seven (97) and seventy-one (71) days have also

16   been found to be unreasonable. Culver v. Director of Corrections, 450 F.Supp.2d 1137, 1140-

17   41 (C.D.Cal. 2006).

18        The Court therefore concludes that the unexplained delay of 216 days before filing  the

19   appellate court petition was unreasonable. The statute of limitations period was not tolled

20   between denial of the superior court petition and the filing of the appellate court petition. As

21   such, 216 days of the statute of limitations period elapsed.

22        While Petitioner unreasonably delayed in filing the appellate court petition, the appellate

23   court petition was still timely filed as the court denied the petition on the merits. Petitioner is

24   granted tolling during the pendency of the appellate court petition which was filed on

25   December 21, 2009 and denied on January 25, 2010. Further, as Petitioner filed his next

26   petition with the California Supreme Court in a timely manner eight days later, Petitioner is

27   entitled to tolling for the interval between the filing of the petitions. Petitioner is also entitled

28   to tolling during the pendency of his Supreme Court petition from February 3, 2010 to March

1 | 18, 2010.

2 |     As 216 days of the limitations period expired during the filing of Petitioner's first round
3 | of state habeas petitions, 149 days of the limitations period remained as of March 18, 2010.
4 | Accordingly, Petitioner had until August 14, 2010, to timely file his federal petition. The present
5 | petition was filed on August 8, 2010, six days before the limitations period expired. As such,
6 | the federal petition was timely filed. This Court hereby recommends that Respondent's motion
7 | to dismiss be denied.

8 |     **D.**     <u>**Application of Due Process to California Parole**</u>

9 |     In the instant petition, Petitioner does not challenge the validity of his conviction.
10 | Petitioner presents three claims. First, he challenges the Board of Parole Hearings' (Board)
11 | November 26, 2008 decision finding him unsuitable for release on parole.  Petitioner claims
12 | that his due process rights were violated because the Board decision failed to establish a
13 | nexus between Petitioner's unsuitability factors and his current dangerousness. Second,
14 | Petitioner claims that the Board violated his due process by not examining relevant suitability
15 | factors. Finally, Petitioner asserts that the Board violated his due process by relying on an
16 | unauthorized psychological evaluation.

17 |     Because California's statutory parole scheme guarantees that prisoners will not be
18 | denied parole absent some evidence of present dangerousness, the Ninth Circuit Court of
19 | Appeals held that California law creates a liberty interest in parole that may be enforced under
20 | the Due Process Clause.  <u>Hayward v. Marshall</u>, 602 F.3d 546, 561-563 (9th Cir. 2010);
21 | <u>Pearson v. Muntz</u>, 606 F.3d 606, 608-609 (9th Cir. 2010); <u>Cooke v. Solis</u>, 606 F.3d 1206, 1213
22 | (9th Cir. 2010), rev'd, <u>Swarthout v. Cooke</u>, ___ U.S.___, 131 S. Ct. 859, 178 L. Ed. 2d 732,
23 | (Jan. 24, 2011).  The Ninth Circuit instructed reviewing federal district courts to determine
24 | whether California's application of California's "some evidence" rule was unreasonable or was
25 | based on an unreasonable determination of the facts in light of the evidence.  <u>Hayward</u>, 603
26 | F.3d at 563; <u>Pearson</u>, 606 F.3d at 608.

27 |     On January 24, 2011, the Supreme Court issued a per curiam opinion in <u>Swarthout v.</u>
28 | <u>Cooke</u>, 131 S. Ct. 859. In <u>Swarthout</u>, the Supreme Court held that "the responsibility for

assuring that the constitutionally adequate procedures governing California's parole system are properly applied rests with California courts, and is no part of the Ninth Circuit's business." Id. at 863. The federal habeas court's inquiry into whether a prisoner denied parole received due process is limited to determining whether the prisoner "was allowed an opportunity to be heard and was provided a statement of the reasons why parole was denied." Id. at 862, citing, Greenholtz v. Inmates of Neb. Penal and Correctional Complex, 442 U.S. 1, 16 (1979). Review of the instant case reveals Petitioner was present at his parole hearing, was given an opportunity to be heard, and was provided a statement of reasons for the parole board's decision. (See Pet., Ex. A.) According to the Supreme Court, this is "the beginning and the end of the federal habeas courts' inquiry into whether [the petitioner] received due process." Swarthout, 131 S. Ct. at 863. "The Constitution does not require more [process]." Greenholtz, 442 U.S. at 16.

A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971). Here, it is clear from the allegations in the petition and the related documentation that Petitioner attended the parole suitability hearing, made statements to the Board, and received a statement of reasons for the denial of parole. Because it appears from the face of the petition that Petitioner received all process that was due, Petitioner cannot state a tenable due process claim. Accordingly, this Court must and does conclude that Petitioner does not present cognizable claims with regard to substantive due process and recommends that relief and must be summarily dismissed without leave to amend.

III.   **CONCLUSION**

As explained above, Petitioner filed the instant petition for Habeas Corpus within the one year limitation period required by 28 U.S.C. § 2244(d) when granted the benefit of statutory tolling. Based on the foregoing, this Court recommends that Respondent's motion to dismiss be denied. However, as Petitioner's claims are all based on substantive due process challenges to his parole denial, this Court recommends that the petition be summarily

dismissed.

## IV.    **RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the motion to dismiss for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period be DENIED. Further, the Court RECOMMENDS that the petition be SUMMARILY DISMISSED in light of Swarthout v. Cooke.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after the date of service of this Findings and Recommendation, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  Replies to the Objections shall be served and filed within fourteen (14) days after service of the Objections.  The Finding and Recommendation will then be submitted to the District Court for review of the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(c).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).


IT IS SO ORDERED.

Dated:    March 18, 2011                        /s/ *Michael J. Seng*
                                                    UNITED STATES MAGISTRATE JUDGE